**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

OHIO DEMOCRATIC PARTY,

     Plaintiff,

 v.

          Case No. 2:19-cv-3774
          Judge James L. Graham

FRANK LAROSE, in his official capacity as
Ohio Secretary of State

     Defendant.

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

   Plaintiff Ohio Democratic Party ("ODP"), submitted a Memorandum of Law in Support of

their motion for a temporary Restraining Order and Preliminary Injunction ( the "Motion") on

August 30, 2019.  This supplement is intended not to repeat the arguments made in that

memorandum, but to draw the Court's attention to Defendant's August 30 statement.[1]  Exhibit A.

Defendant's statement further shows that Plaintiff is likely to succeed on the merits and shows

that Plaintiff, Plaintiff's candidates, and Plaintiff's supporters and members are likely to suffer

irreparable harm if not granted preliminary injunctive relief.

---

[1] Ohio Secretary of State, *Secretary of State's office issues statement on Democratic Party lawsuit*, Aug. 30, 2019, available at (https://www.sos.state.oh.us/media-center/press-releases/2019/2019-08-30/) (accessed Sep. 3, 2019).

I.     **FACTUAL BACKGROUND**

After ODP filed their complaint and Motion in this case, Defendant issued a lengthy public statement purporting to rebut Plaintiff's allegations.  In the course of Defendant's statement, Defendant claimed that his office lacked authority to oversee counties' voter registration databases and admitted that Defendant's office is still discovering and investigating errors in the purge list. As discussed below, Defendant's statement further demonstrates the substantial likelihood that Plaintiff will succeed on the merits, and the high likelihood that Plaintiff, Plaintiff's candidates, and Plaintiff's members and supporters will suffer irreparable harm if Defendant's September 6 purge proceeds.

II.     **ARGUMENT**

      a.  **<u>Defendant's statement admits that Defendant has largely ceded oversight of the purge process and increases the likelihood that Plaintiff will succeed on the merits.</u>**

Defendant's statement provides a detailed overview of the purge process, including the assertion that "Ohio is a home-rule state, meaning in this case that the county boards of elections own and manage their county's voter registration data."  *Id.*  Defendant further explained that the counties outsourced maintenance of their voter file to one of four private vendors, who were also responsible for preparing purge lists, including the list for the upcoming September 6 purge.  *Id.* Defendant also noted that "[i]t's important to point out that our office does NOT have the source data used by the counties."  *Id.* (emphasis in original).  Defendant's statement demonstrates a fundamental misunderstanding or ignorance of applicable law and constitutes an admission by Defendant that he has failed in his duty to maintain Ohio's voter registration database as required by 52 U.S.C. § 21083 and Ohio Rev. Code § 3503.15.

Ohio's home rule provisions only apply to municipalities. Ohio Const., Art. XVIII, Sec. 3, 7. Ohio's constitution explicitly eliminates home rule for counties and provides that "[t]e General Assembly shall provide by general law for the organization and government of counties." Ohio Const., Art. IX, Sec. 1. As part of that legislative authority, the legislature gave Defendant the authority and duty to oversee the maintenance of the counties' voter registration databases. Ohio Rev. Code § 3503.15. This mirrors federal law going back to at least the 2001 Help America Vote Act, which requires that "each [s]tate, *acting through the chief State election official*, shall implement…a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level that contains the name and registration information of every legally registered voter in the State…" 52 U.S.C. § 21083(a)(1)(A)(emphasis added).

Defendant's statement that the counties own and manage the voter registration database under Ohio's home rule provision constitutes an admission of Counts 3, 5, and 6 of Plaintiff's complaint, and further demonstrate that Plaintiff have a substantial likelihood of success on the merits.

b. **Defendant's admission that Defendant is still investigating inaccuracies with the purge list further demonstrates there is a high likelihood of irreparable harm if the purge is allowed to proceed on September 6.**

Defendant's August 30 statement also contradicted prior statements that all errors have been found and resolved. At the end of the statement, Defendant admitted that "[t]he Secretary's office is currently investigating concerns about the accuracy of the lists of inactive registrations as produced by the county boards of elections." Exhibit A. While Plaintiff applauds the Defendant for trying to fix his fatally flawed purge list, Defendant cannot claim that all of the errors have been corrected and no eligible voter remains at risk of being purged, while simultaneously

continuing to investigate reported inaccuracies. The fact that Defendant is "currently investigating" additional errors in the purge list shows that there remains a high likelihood that eligible voters will be disenfranchised, and that Plaintiff, Plaintiff's candidates, and Plaintiff's members and supporters will suffer irreparable harm as a result of Defendant's actions.

Respectfully submitted,

/s/*N. Zachary West*

N. Zachary West (0087805)
Trial Attorney for Plaintiff
O'CONNOR, HASELEY, & WILHELM, LLC
35 North Fourth Street, Ste. 340
Columbus, OH 43215
Telephone: (614)208-4375
west@goconnorlaw.com

**CERTIFICATE OF SERVICE**

I certify that on September 3, 2019, I filed the foregoing document using the Court's online-filing system, which will send a copy of the foregoing to all counsel of record.

/s/*N. Zachary West*

_____

N. Zachary West, *Attorney for Plaintiff*

# EXHIBIT A

Skip to Content    Skip to Navigation



**Frank LaRose**
*Ohio Secretary of State*

(/)

Search 🔍

Home (/)    Secretary LaRose & the Office (/secretary-office/)    Elections & Voting (/elections/)

Campaign Finance (/campaign-finance/)    Legislation & Ballot Issues (/legislation-and-ballot-issues/)

Businesses (/businesses/)    Notary (/notary/)    Records (/records/)    Publications (/publications/)

Media (/media-center/)

Home (/) / Media Center (/media-center/) / Press Releases (/media-center/press-releases/)

/ 2019 (/media-center/press-releases/2019/)

# MEDIA CENTER



*8/30/2019*

# SECRETARY OF STATE'S OFFICE ISSUES STATEMENT ON DEMOCRATIC PARTY LAWSUIT

**STATEMENT ATTRIBUTABLE TO SPOKESPERSON MAGGIE SHEEHAN:**

"We're proud of providing unprecedented levels of transparency into this process, but we won't ignore the law. When we partnered with the NAACP, the Ohio Republican Party, the Urban League, church organizations, and labor unions to get voters activated, the Ohio Democratic Party stood on the sidelines. Of course a lawsuit

## MEDIA CONTACT

Maggie Sheehan
MSheehan@OhioSoS.gov
(/media-center/contact-us-press-secretary/)
(614) 466-2729

is the next step in their tired playbook."

**BACKGROUND:**

***REGISTRATION RESET LIST:***
The Registration Reset list consists of registrations identified by county boards of elections as registrations that have been inactive for six years, or at least 12 elections. While each registration will receive a communication from their county board of elections regarding the process for maintaining their registrations' active status, this new initiative partners with community organizations across Ohio to find and assist individuals that wish to continue their active registration status. Over twenty partners, including the Urban League, NAACP, labor unions, multiple church organizations, and the Ohio Republican Party have partnered with Secretary LaRose in this effort.
To date, 11,393 of the registrations who received last chance notices have become active voters and will not be removed on the September 6th deadline.

***APRI SETTLEMENT:***
A settlement was announced on August 29th in the A. Philip Randolph Institute (APRI) v. LaRose case regarding the inactive voter confirmation notices sent prior to 2016 as part of the Supplemental process of general voter list maintenance.

The settlement continues a practice begun during Secretary of State Husted's administration of allowing persons whose registrations were cancelled through the supplemental process to vote a provisional ballot, provided that provisional ballot reflects the person's residence address is within the same county as where their cancelled registration originated. The state agreed to extend the practice begun by Secretary Husted through December 31, 2022 for persons whose registrations were cancelled between 2011 and 2019 via the supplemental process.

On June 11, 2018, the U.S. Supreme Court ruled in Husted v. APRI that the supplemental process used as a part of Ohio's voter list maintenance program did not violate federal National Voter Registration Act of 1993 ("NVRA"). After the Court's ruling, the case returned to the federal trial court to resolve the remaining issue in the case – whether confirmation notices sent to inactive voters between 2007 and 2015 complied with the notice provisions of the NVRA. The Secretary of State's office has consistently maintained in court that these older confirmation notices comply with the NVRA's notice provisions in all respects.

Secretary LaRose determined that it made little sense to continue to spend taxpayer resources litigating the legality of a form of notice that is not used anymore. Thus, the Secretary and the Plaintiffs engaged in settlement negotiations to resolve the case and reached agreement. The Secretary of State was represented in this case by Attorney General Dave Yost.

***CITATION OF LAW:***
codes.ohio.gov/orc/3503.21 (http://codes.ohio.gov/orc/3503.21)

*(A) The registration of a registered elector shall be canceled upon the occurrence of any of the following:*

- *(7) The failure of the registered elector, after having been mailed a confirmation notice, to do either of the following:*
- *(a) Respond to such a notice and vote at least once during a period of four consecutive years, which period shall include two general federal elections;*
- *(b) Update the elector's registration and vote at least once during a period of four consecutive years, which period shall include two general federal elections.*

*R.C. 3503.21(E) sets forth the timeline of cancellation for the elector's registration identified in R.C. 3503.21(A)(7) and R.C. 3503.21(B)(2). The elector's registration must be canceled no later than 120 days after the date of the second general federal election in which the elector fails to vote or **no later than 120 days after the expiration of the four-year period in which the elector fails to vote or respond to a confirmation notice**, which is later. Thus, pursuant to Ohio law and Directive 2015-09, **the timeline for cancellation of the elector's registration identified pursuant to the 2015 Supplemental Process could range from June 16, 2019 to October 7, 2019. (Four years from June 30, 2015 plus 120 days. However, according to the Election Official Manual, the last date of registration cancellation should never be within 30 days of an election)***

October 7, 2019 is one month before the November general election. The Secretary felt it was important to give cancelled registrations ample time to re-register for the November general election. The deadline of which is October 7th, 2019. Thus, the deadline of September 6th for cancellation was chosen.

***ACCURACY OF THE LISTS OF INACTIVE REGISTRATIONS PROVIDED BY COUNTY BOARDS OF ELECTIONS:***

- Ohio is a home-rule state, meaning in this case that the

county boards of elections own and manage their county's voter registration data.

- Each one of those counties utilize a vendor to help them with the management of that data – essentially, the IT behind it all.
- In Ohio, the 88 counties utilize one of four vendors who support the respective county's registration information: ES&S, Dims, Triad or Sequoia.
- Among their responsibilities, the vendors provide counties with directions for how to run queries of data and are leaned upon to provide support for accurate data downloads
- In the case of the NCOA and Supplemental process, each county used the system provided by their respective vendor to download the voter registration data to identify who should receive a last chance notice, as directed by Secretary LaRose.
- In addition, they were required to send this list to the Secretary's office for use in the Registration Reset list. To our knowledge, this is the first time an Ohio Secretary of State has pulled back the curtain on this information and encouraged 3rd parties to engage in the process.
- It's important to point out that our office does NOT have the source data used by the counties.
- The Secretary's office is currently investigating concerns about the accuracy of the lists of inactive registrations as produced by the county boards of elections.

***IMPORTANCE OF ACCURATE VOTER ROLLS:***

Abandoned registrations have caused significantly inflated voter rolls and less accurate registration lists. In 2018 under the previous administration, only 3 percent of the nearly 277,000 registrations who received "last chance" mailings chose to submit documentation to continue as an active voter. Earlier this year, Secretary LaRose sent a mailing to the remaining abandoned registrations and only 0.1 percent of the nearly 265,000 abandoned registrations chose to re-register as an Ohio voter at the same address where they had previously been registered.

**Reasons for registration abandonment could include:**

- Registered individual has moved out of the county or state and failed to notify their previous local board of elections.
- Registered individual has passed away.
- Registered individual has chosen not to be active in the voting process.

###

Contact Our Office (/secretary-office/contact-our-office/)

Office Publications (/publications/)    Privacy (/privacy)

State of Ohio (http://ohio.gov)

(/)

(614) 466-2655 | (877) SOS-Ohio (877-767-6446)

TTY: (614) 466-0562 | TTY Toll-free: (877) 644-6889

180 East Broad Street, 16th Floor | Columbus, Ohio 43215

 (http://get.adobe.com/reader/)

Secretary LaRose & the Office (/secretary-office/)    Elections & Voting (/elections/)

Campaign Finance (/campaign-finance/)

Legislation & Ballot Issues (/legislation-and-ballot-issues/)    Businesses (/businesses/)

Notary (/notary/)    Records (/records/)    Media (/media-center/)    Accessibility (/accessibility/)